FILED
JUL 2 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAMUEL L. CLEMMONS<br>    PLAINTIFF, PRO SE<br><br>vs.<br><br>U.S. CUSTOM AND BOARDER<br>PROTECTION<br>**ATTN: DISCLOSURE LAW OFFICE**<br>1300 PENNSYLVANIA AVE, NW<br>WASHINGTON, DC 20229 | ) CIVIL ACTION NO:<br>)<br>)<br>)<br>)<br>)<br>) CASE NUMBER 1:06CV01286<br>)<br>) JUDGE: Royce C. Lamberth<br>)<br>) DECK TYPE: FOIA/Privacy Act<br>)<br>) DATE STAMP: 07/20/2006 |

*JURY ACTION*

## FREEMDON OF INFORMATION ACT AND PRIVACY ACT VIOLATIONS REQUESTS,

## ILLEGAL ACTIVITY AND OTHER CRIMES COMMITTED.

## PLAINTIFF SEEKS AND REQUESTING CIVIL DAMAGES RECOVERY

Comes Samuel Clemmons, file this civil lawsuit in the District of Columbia against the United States Custom Agency, who is a federal agency to be in violation of both the Plaintiff's civil rights and human rights. The United States Custom Agency performed and conducted an illegal search and seizure, resulting in them making a wrongful arrest outside its jurisdiction and for being responsible for stealing personal funds from the Plaintiff in the amount of $80.00 (four twenty dollars bills). At the time of the Plaintiff's initial arrest the Plaintiff showed both officers involved funds. The Officers names are Officer Palmejar from the United States Custom Agency

1

1  and Officer McGrath, ID # 3381 from the Atlanta Police
2  Department.
3      The Plaintiff hereby states under oath somewhere and
4  somehow the funds came up missing which make the entire actions,
5  conducted and performed by the United States Custom Agency and
6  the Atlanta Police Department tainted, illegal, unprofessional,
7  wrongful and unethical according to many local, states and
8  federal laws. This is indeed a violation of the law and an
9  intentionally act of wrongdoing making such arrest
10 unconstitutional.
11     In response to this summons upon the United States Customs
12 
13 Agency, the agency should justify its actions and the
14 whereabouts of the missing funds on June 5th, 2006 after being a
15 witness to the fact that such funds did exist by Officer
16 Palmejar.
17     Therefore, the Plaintiff continue to state in this
18 complaint properly by informing the courts and the United States
19 Customs Agency of the transformation of events which led to
20 these negligence acts and wrongful conduct by both agencies the
21 Customs agents and the Atlanta Police Department.
22     On June 5, 2006, at approximately 8:45 p.m. The Plaintiff
23 (Clemmons) was returning to his alleged home in the United
24 
25 States of America after visiting and vacating in Costa Rica

Sam L. Clemmons vs. U.S. Custom Agency & Office of FOIA & Privacy Division.

(Central America) for 12 days. (*See copy of airline tickets that will be provided to the court at the time to enter discovery*)

Upon Clemmons arrival into the United States of America through the Atlanta, Georgia International Airport, Clemmons was among thousands of others returning into the United States. Clemmons was wrongfully profiled and singled out among thousands of others who witness Clemmons being illegally arrested by the United States Customs Agency without any probable cause to grant such an arrest. Other people before Clemmons and after Clemmons were not treated in the same unprofessional manner.

When Clemmons arrived into the U.S.A. and approached the U.S. Custom and Boarder Patrol inspection terminal, Clemmons was asked two basic questions by the custom inspector. The custom inspector asked Clemmons when was the last time he left the country? Clemmons replied back to the agent…"it was sometime in the in the 90s". The custom agent then asked Clemmons why you're not smiling, as you should appear to be glad to be returning home into the U.S.A.? Clemmons replied back to the agent with a slightly smile that he is glad to be back. Today has been a very long day.

Clemmons states after getting up early that morning at approximately 6:30 a.m. going to breakfast and leaving his hotel to at 11:00 a.m. to arrive at the Costa Rica Airport and to go through a three hours of immigration and customs screening.

Sam L. Clemmons vs. U.S. Custom Agency & Office of FOIA & Privacy Division.

1  Waiting in the heat for the Delta Airline flight to arrive to
2  pick up the passengers. Flying back to the United States in
3  three hours and waiting in the U.S. Custom line for an hour.
4  Clemmons did express to the agent that he was just a little
5  tried after expressing such to the agent the agent then gave
6  Clemmons a orange clip board with his passport and his check
7  list and told Clemmons to go into the double doors to see the
8  officers in there. The customer inspector did not ask Clemmons
9  not one questions or items on the custom form Clemmons presented
10 to the agent upon his arrival at the entry point.
11
12         After receiving the custom inspector's instructions.
13 Clemmons proceed to the double doors and entered and was rudely
14 handle by custom agent Palmejar and others. Especially doing the
15 time Clemmons phone was ringing because his outside ride was
16 waiting on him at the baggage claim section on the outside of
17 the airport. Clemmons was not able or allowed to answer the
18 calls, which confused Clemmons to many degrees, and after
19 Inspector Palmejar advised Clemmons to have a seat after getting
20 Clemmons' passport and another ID and the orange clipboard.
21 Inspector Palmejar started doing something with Clemmons'
22 information without asking any discovery questions, etc.
23 Inspector Palmejar started to look confused and puzzle and
24 questioned and asked Clemmons "Did at one time you live in
25 Decatur, GA?" Clemmons replied back "I have never lived or had

any business whatsoever in that area of Georgia. " The Inspector then went on to ask Clemmons do you have family in such area of Georgia? Clemmons replied back saying no, his family resides in the state of Wisconsin. A female inspector then took Clemmons fingerprints for a federal warrant search nothing came back but the other inspectors' information was not matching or coming up correctly. Clemmons did inform the agent that there is a serious problem with his identity and someone has been using it illegally and he has cases pending in Washington, DC concerning the matter. The inspector still refused to listen or believe Clemmons and stated he was going to contact Dekalb County to request them to fax over some information in relating to a Clemmons they were searching for. The Inspector then told Clemmons to have a seat. More confusion occurred to the point of the Inspectors took another set of fingerprints from Clemmons. Inspector Palmejar later claimed that something came cross and appeared to be conducting business for Dekalb County going outside of his jurisdiction to detain Clemmons and called the Atlanta Police Department causing them to police for local agencies and going outside their jurisdictions.

In order for this to occur correctly and according to the law of policing Inspector Palmejar should have issued Clemmons a citation informing, stating (*reading him his rights under the Miranda Warning*) and charging Clemmons with a crime. Clemmons

then Clemmons should have been placed in custody of U.S. Custom Agency to be transferred to the Atlanta Police Station. Clemmons should have been booked and held for a hearing and after such hearing for Clemmons. Clemmons should have been transferred over to the Dekalb County for another charge or hearing the United States Custom Agency had discovered. These courses of events did not happen causing this lawsuit concerning lack of jurisdiction issues and concern and other issues of the whereabouts of missing funds.

Atlanta Police Department did come. Their arresting officer too was drawn to confusion. Nothing was matching up to me (Clemmons) except an illegally storing of Clemmons' fingerprints by the Atlanta Police Department and Dekalb County Sheriff Department in the past. A claim against both agencies will be submitted for their wrongdoing and involvement in these crimes or identity theft and theft by deceptions.

In the past both agencies were both responsible for making an illegal arrest without any probable cause to arrest Clemmons on March 22, 2002. Clemmons did tell the Inspectors that he once had problems concerning a matter of identity theft in Dekalb County and had such matter cleared or closed after pleading not guilty and requested to be tried before a jury trial. Clemmons was denied such a jury trial violating his constitutional rights during these courses of events and Clemmons expressed he was

cleared from such wrongdoing by both departments and blackmail attempts on his identity.

Once the Atlanta Police Department arrived the Inspector Palmejar informed Clemmons that you will be going into the custody of them (Atlanta Police Department) and then asked Clemmons was he carrying any money at the time of entry into the United States? Clemmons replied back yes and showed the Inspector Palmejar four twenty dollars bills the Inspector Palmejar said he was going to check it off and enter it into his report.

Clemmons do wish to mention in this complaint that at the time the Inspector Palmejar asked Clemmons was he carry any money and Clemmons replied yes. When Clemmons went to show the Inspector Palmejar the amount of funds. Clemmons open up the over lap department of his brief case and in a section of the brief bag where you can see through there was a plastic bag ball up. The officer by the name of McGrath, APD ID number 3381 rushed to judgement and said "*what do we have here*" as if Clemmons was in procession of illegal drugs while in the custody of United States Customs Agency.

Officer McGrath did perform an illegal search of Clemmons' property thinking that Clemmons had in his procession illegal drugs. Officer McGrath performed such search in the present of Inspector Palmejar and came up with nothing.

Sam L. Clemmons vs. U.S. Custom Agency & Office of FOIA & Privacy Division.

These actions according to the constitution law is an illegal search and seizure of Clemmons' personal property. The plastic bag was nothing but a Delta Airline's earphone bag.

Clemmons did mention to the officer that such search was an illegal search. Clemmons stated to the Officer McGrath that "you wished I did have such what you were looking for in my procession so that you can have something else to hold against me to give me a felony record to jump start your career". After Clemmons' statement the officer step back and after Inspector Palmejar took a photo shot of Clemmons, Officer McGrath escorted Clemmons away after other witness the wrongdoing and conduct of both officers or agencies.

Clemmons did nothing wrong upon entering this country, the treatment Clemmons received was not justified. Clemmons feels that the United States' Custom agency acted outside it normal scope or call of duty and went outside its jurisdiction by going above and beyond the law and their call of duty.

Prior to this arrest by the United States' Customs Agency, Clemmons did not commit any illegal acts to place a hold on him to be transport to another wrongful jurisdiction. Clemmons does or did not have a criminal record until these sequences of events started to happen concerning his identity theft issues or problems Clemmons has faced while living in the United States of

Sam L. Clemmons vs. U.S. Custom Agency & Office of FOIA & Privacy Division.

America since June 1994. There are court records to prove these statements.

Clemmons states before this court due to these wrongful actions by both officers from two different jurisdictions and two different agencies. Clemmons file this lawsuit in the District Court for the District of Columbia requesting relief by both agencies to remove all of Clemmons' personal information from their databases. Both agencies should be held completely responsible for stealing, performing an illegal search and seizure, resulting in damaging Clemmons' character through publicly humiliating Clemmons in the view of the public. Furthermore, causing public embarrassment resulting in pain and suffering, emotional distress and anxiety disorder while and during the time Clemmons was being mishandled and incarcerated as if he was a serious criminal over a 14 days period of time of being incarcerated illegally against his constitutional rights.

The Plaintiff (Clemmons) wishes to file this lawsuit for full recovery and relief in the amount of **30,000,000.00** (thirty million dollars) in the U.S. District Court for the District of Columbia against the United States Custom Agency. Other claims may follow against others who played apart or in conjunction to the Atlanta Police Department and others who committed acts of wrongdoing but illegal acts to cause harm and hurt upon the Plaintiff (Clemmons).

The Plaintiff now states with the complaint being file in the District Court for the District of Columbia. The Plaintiff is requesting full recovery of actions under the Freedom of Information Act and Privacy Act.

The Plaintiff is requesting releasing of the United States Custom Inspection's arrest report showing information the Plaintiff has stated in this complaint and the complete removal of all Clemmons' personal information from their databases. The Plaintiff is requesting the Defendant to provide the court with a list with all the agencies the U.S. Customs Agency has provided Clemmons' personal information to after Clemmons departure from their custody.

The U.S. Customs needs to validate their actions or wrongdoing were justified resulting into a wrongfully arrest and performing such illegal tactics against Clemmons that were not done among everyone else who entered the boarders of the U.S. Customs, immigration and boarder patrol.

The burden of proof is for the court to administrative the law and for the Defendant to prove that such information is not true by the Plaintiff. If such information is found to be true the Defendant should have no reason in honoring the courts' requests for the reports and the whereabouts of the stolen money conducted during the time of this illegal arrest.

The Plaintiff states if this civil action cannot be settled out of court. The Plaintiff is asking for a civil trial before his peers (jury trial). At trial all facts set forth in this complaint should be reveal. All the issues along with the **FACTS** set forth in this case should be release for a jury to rule base on the issues and facts provided according to the Freedom of Information Act as of this date the compliant is filed and logged into United States District Court's system. The Plaintiff is aware that the Defendants have to agree to bring this matter before a jury to review the facts.

The Plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

The Plaintiff did everything in his attempts to resolve this matter before coming into the court to file this complaint. All the Plaintiff efforts and attempts were exhausted resulting in this action in the court.

For the record, on June 20, 2006 one day after the Plaintiff was officially released from the Dekalb County Jail Facility. The Plaintiff went to the Atlanta International Airport to obtain a copy of the federal arrest report the Plaintiff was denied such copy after speaking to the Supervisor in Charge from the phone number that was given to the Plaintiff to call which is 404-765-2240. The supervisor in charge clearly informed Clemmons (the Plaintiff) that such information he seek

Sam L. Clemmons vs. U.S. Custom Agency & Office of FOIA & Privacy Division.

to recover will not be release to the public and not even if Clemmons (the Plaintiff) requested it accordingly or under the statue of the Freedom of Information Act. The Supervisor then gave Clemmons (the Plaintiff) the address to file such request for information to which is address: **4341 International Parkway, Suite 600, Atlanta, GA 30354, Attn: Court Director**. Therefore, exhausting all of Clemmons' efforts in obtaining this information that bring about this lawsuit against such agency in whole for full damage recovery. The Plaintiff file this complaint in a timely manner to keep all records and recollection of the events fresh for a timely response to the court of the manners at hand.

In closing, the Plaintiff wishes to make it known to the Defendant that when a court or a jury to consider a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). The Plaintiff wishes to advised the Defendant to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of

proof at trial, the Defendant must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this particular case before the courts the nonmoving party (the Plaintiff) has expressed evidence. The Plaintiff has given names, dates and key information that no one knows but the Defendant knows to support the Plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

The Federal Insurance Company under the Defendant's Crime Insurance Policy, should be provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff caused any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency) by not completely understanding the law, performing ethical conduct, behavior or activity in not stealing while working on government funds or just by refusing to obey the law see Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

The Plaintiff do wish to advise the Defendant to provide the courts with all four copies of all four police agencies reports (U.S. Custom's report, Atlanta Police Department's report, Clayton County Sheriff Department's inventory report,

Sam L. Clemmons vs. U.S. Custom Agency & Office of FOIA & Privacy Division.

and Dekalb County Sheriff's inventory report, etc). These reports should be used by the court to locate the whereabouts of the missing funds and prove to the court illegal activity was performed and conducted by someone from these agencies since the Plaintiff was in the custody of all four. All four performed thorough searches on the Plaintiff while the Plaintiff was in their custody.

In results, someone has to pay for their wrongdoing, the Plaintiff has paid enough through the pain and suffering and the wrongful detainment.

The Plaintiff will provide the court with all the evidence to support his claim and such information will be provided to the court at the time the Plaintiff request to enter discovery.

I (the Plaintiff) trust that the court will honor this lawsuit and looking into and administer the wrongdoing conducted by these agencies and assign a case number and a time frame of 30 to 60 days to response to this complaint and turn over all reports to support their sides.

As of this date listed in this complaint, the Plaintiff is or was still detained in a jail facility in the State of Georgia (Dekalb County Jail) due to the U.S. Custom's actions to arrest the Plaintiff without reading the Plaintiff's his rights or giving cause for arresting the Plaintiff.

The Plaintiff expresses while being held in Dekalb County Jail facility, the Plaintiff was told by correctional officers in the jail that he was being held all this time due to a felony charge at the time of his arrest.

The Plaintiff will provide to the court with evidence to support this statement upon the Plaintiff's motion request to enter discovery and after the Defendant has responded back to the courts with the truth in their response to the courts.

End of Complaint:

**I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct I signed these statements before a certified court legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath.**

Respectfully submitted,

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

_____        @- 6/27/06
Court's Notary Signature            Date Stamped
Chancery Clerk
By Rene Brith DC
Com- exp 12-31-07



Sam L. Clemmons vs. U.S. Custom Agency & Office of FOIA & Privacy Division.

**CC:** www.usps.com for tracking purposes

United States Attorney General
    **Express Mail #:**
U.S. Attorney
    **Express Mail #:**
United States Custom Headquarters
    **Express Mail #:**
United States Custom Agency Atlanta, Georgia
    **Express Mail #:**
United State District Court of the District of Columbia
    **Express Mail #:**
Records