UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL L. CLEMMONS, ) | |
| ) | |
| Pro Se Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1286 (RCL) |
| ) | |
| U.S. CUSTOMS AND BORDER ) | |
| PROTECTION ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Defendant, the United States Customs and Border Protection ("CBP"), through counsel, moves this Court to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of this Motion, the Defendant hereby incorporates the Memorandum of Points and Authorities filed together with this Motion. A proposed Order consistent with this motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein.[1] See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

---

[1] Exhibits are attached and relied upon for the limited purpose of allowing the Court to determine whether it has subject matter jurisdiction over certain claims. It is well established that when a defendant challenges the substance of jurisdictional allegations, it may use extraneous evidence to test those allegations without converting the motion into one for summary judgment. See Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995); see also 11

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


/s/
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338

---

Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL L. CLEMMONS, )<br>)<br>Pro Se Plaintiff, )<br>)<br>v. )<br>)<br>U.S. CUSTOMS AND BORDER )<br>PROTECTION )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-1286 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

<u>Pro se</u> Plaintiff Samuel L. Clemmons appears to raise a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that officers of the U.S. Customs and Border Protection and of the Atlanta Police Department, wrongfully detained and arrested him. Complaint at 1. Plaintiff further claims that $80 was lost or stolen as a result of his illegal detention and arrest. <u>See id.</u> at 1, 9. Plaintiff also raises a claim pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking "a copy of the federal arrest report." <u>See id.</u> at 11. Plaintiff's Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because the Court lacks subject-matter jurisdiction over this case, and the Complaint fails to state a claim upon which relief can be granted.

**I.  FACTUAL BACKGROUND**[2]

According to Plaintiff, "[o]n June 5, 2006, at approximately 8:45 p.m., [t]he Plaintiff (Clemmons) was returning to his alleged home in the United States of America after visiting and

---

[2] Factual assertions set forth herein are based on the allegations in Plaintiff's Complaint, which are assumed to be true for purposes of this motion only.

vacating [sic] in Costa Rica (Central America) for 12 days." See Complaint at 3. Upon arriving at the International Airport in Atlanta, Georgia, Plaintiff was detained and asked a series of questions by Custom Agent Palmejar. See id. at 4. A "female inspector then took Clemmons fingerprints for a federal warrant search[;] nothing came back but the other inspectors' [sic] information was not matching or coming up correctly." See id. at 5. Plaintiff "did inform the agent that there is a serious problem with his identity and someone has been using it illegally and he has cases pending in Washington, D.C. concerning the matter." See id.

The customs inspector "still refused to listen or believe Clemmons and stated he was going to contact DeKalb County to request them to fax over some information in relating to a Clemmons they were searching for." See id. at 5. The inspectors then "took another set of fingerprints from Clemmons." See id. Subsequently, a member of the Atlanta Police Department arrived. See id. at 6. Inspector Palmejar informed Plaintiff that he "will be going into the custody of them (Atlanta Police Department) and then asked Clemmons was he carrying any money at the time of entry into the United States." See id. at 7. Plaintiff stated that he did, and showed Inspector Palmejar "four twenty dollars [sic] bills[.] [T]he Inspector Palmejar said he was going to check it off and enter it into his report." See id. Officer McGrath of the Atlanta Police Department then performed an illegal search of Plaintiff's property, "thinking that [Plaintiff] had in his possession illegal drugs. Officer McGrath performed such search in the present [sic] of Inspector Palmejar and came up with nothing." See id.

Plaintiff also states that on June 20, 2006, he "went to the Atlanta International Airport to obtain a copy of the federal arrest report . . ." See Complaint at 11. No reports were released to Plaintiff, however, he was instructed to file a FOIA request at 4341 International Parkway, Suite

2

600, Atlanta, GA 30354.  See id. at 12.

In connection with the claims set forth in his Complaint, Plaintiff demands $30 million in damages.  See id. at 9.

## II.    STANDARD OF REVIEW

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004).  Moreover, a party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 104 (1998).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that the plaintiff can demonstrate no set of facts that support his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Court must treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the

3

Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### III.   ARGUMENT

   A.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's FTCA Claim.

When a plaintiff seeks monetary relief for torts against the United States or a department or agency of the United States, the only possible basis for relief is under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(2), 2671 et seq. Plaintiff does not explicitly invoke the FTCA in his Complaint. Even if he had, such an FTCA claim against the United States would be without merit for several reasons.[3]

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress. See United States v. Testan, 424 U.S. 392, 399 (1976). Sovereign immunity is jurisdictional and thus the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Sherwood, 312 U.S. at 586. The FTCA is a limited waiver of sovereign immunity. That limited waiver includes certain claims for injury or loss of property, or personal injury or a death, caused by the neglect or wrongful act of a government employee. The FTCA provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances" as under the law of the state where the wrongful act or omission occurred. 28

---

[3] A civil action or proceeding commenced against a government employee acting within the scope of his employment is deemed an action against the United States, so the United States is the proper defendant. 28 U.S.C. § 2679(d)(1).

4

U.S.C. § 2674.

First, any FTCA claim must be dismissed for Plaintiff's failure to administratively present his claim. Absent full compliance with the conditions placed upon the FTCA's waiver of sovereign immunity, the Court lacks jurisdiction to entertain claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 916 & n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675, which provides, in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a); see also GAF Corp., 818 F.2d at 904 n.7.

Similarly, an action cannot be maintained under the FTCA where the complaint is filed before such an administrative claim is finally denied or six months have passed. McNeil v. United States, 508 U.S. 106, 113 (1993). This presentment requirement is "unambiguous" and courts are "not free to rewrite the statutory text." Id. at 111. Further, the requirement is jurisdictional and cannot be waived. Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom., United States v. Hohri, 482 U.S. 64 (1987). See also Simpkins v. District of Columbia Government, 108 F.3d 366, 370-71 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim).

Attached to this motion is the Declaration of Brooks Thomas (hereinafter "Thomas

Decl."). Mr. Thomas is an Assistant Chief Counsel with the CBP. See Thomas Decl. at ¶ 1. One of his duties is to process all Federal Tort Claims filed at the port of Atlanta, Georgia for amounts in excess of $10,000. See Thomas Decl. at ¶ 2. Any Federal Tort Claims filed at any office pertaining to the port of Atlanta are, by policy, forwarded to Mr. Thomas. See id. at ¶ 5. Mr. Thomas has "personally conducted a search for any Federal Tort Claims filed by a Samuel L. Clemmons pertaining to the port of Atlanta, Georgia during the past calendar year and beyond." See id. at ¶ 6. His search consisted of printing out a computerized list of all cases opened in the Office of the Assistant Chief Counsel in 2006. See id. Mr. Thomas's search produced no results. See id. at ¶ 7.

Since Plaintiff has failed to file an FTCA claim with the CBP, his claim should be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

  B. <u>The Court Lacks Subject Matter Jurisdiction Over Plaintiff's FOIA claim</u>.

It is well-established that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." <u>McKart v. United States</u>, 395 U.S. 185, 193 (1969). Exhaustion of such administrative remedies is required under FOIA before a party can seek judicial review. <u>Dettmann v. United States Dep't of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986). The purpose of the exhaustion requirement is to give the agency " an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," as well as to allow the " top managers of an agency to correct mistakes made at lower levels and thereby obviate unnecessary judicial review." <u>Oglesby v. United States Dep't of the Army</u>, 920 F.2d 57, 61 (D.C. Cir. 1990).

A FOIA/Privacy Act requester is deemed to have failed to exhaust administrative

6

remedies whenever the requester fails to comply with the administrative procedures set forth under the FOIA/Privacy Act, including: (1) providing a request to the particular office identified in the agency's FOIA/Privacy Act regulations, Kessler v. United States, 899 F. Supp. 644, 645 (D.D.C. 1995); (2) providing the agency the required proof of identity, Summers v. United States Dep't of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (3) reasonably describing the records sought, Gillin v. I.R.S., 980 F.2d 819, 822-23 (1st Cir. 1992); (4) complying with fee requirements, Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996); and (5) administratively appealing a denial of records, Oglesby, 920 F.2d at 61. See also 5 U.S.C. § 552(a)(3) (requests must be made "in accordance with [the agency's] published rules stating the time, place, fees (if any), and procedures to be followed . . . ."). Where a FOIA/Privacy Act plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal. See Oglesby 920 F.2d at 61; accord Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

Although Plaintiff states that he was given an address to send his FOIA request, he has not alleged that he actually presented his claim to any executive branch agency. See Complaint at 12. Thus, he has failed to assert facts that would state a claim within the jurisdiction of this Court. See Johnson v. DiMario, 14 F. Supp.2d 107, 111 (D.D.C. 1998).

Moreover, in support of this motion the Defendant has attached the Declaration of Sandra Dean (hereinafter "Dean Decl."). Ms. Dean is a CBP Import Specialist, Team Leader in Atlanta, whose duties include processing all FOIA requests filed at the port of Atlanta, Georgia. See Dean Decl. at ¶ 2. Her address is 4341 International Parkway, Atlanta, GA 30354 - - the same address Plaintiff was provided in order to file a FOIA request. See Dean Decl. at ¶ 1; Complaint

at 12. Another of Ms. Dean's responsibilities includes ensuring "that FOIA requests properly identify the individual requesting the records and the specific records sought." See Dean Decl. at ¶ 3. Further, any "FOIA requests filed at any office serviced by the port of Atlanta are, by policy, forwarded to [Ms. Dean] at [her] business address: 4341 International Parkway, Atlanta, Georgia 30354." See Dean Decl. at ¶ 5. Ms. Dean "personally conducted a search for any request filed by a Samuel L. Clemmons at the port of Atlanta, Georgia during the past calendar year and beyond." See id. at ¶ 6. Her search "proved negative." See id. at ¶ 7.

Here, the CBP never received a FOIA request from Plaintiff. Thus, this Court lacks jurisdiction over Plaintiff's FOIA claim and it should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint.

Respectfully Submitted,

s/
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                  s/

                                        KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on this **28th** day of **August**, 2006, a true and correct copy of the foregoing Motion to Dismiss, with its supporting papers, was served upon pro se Plaintiff, **Samuel L. Clemmons,** by postage prepaid first-class mail addressed as follows:

Samuel L. Clemmons
548 Saint Charles Pl
Brookhaven, MS 39601

                                                /s/

                                        KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W., Rm. E 4112
Washington, D.C. 20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL L. CLEMMONS, ) | |
| ) | |
| Pro Se Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 06-1286 (RCL) |
| ) | |
| U.S. CUSTOMS AND BORDER ) | |
| PROTECTION ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, the grounds stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of _____, hereby:

ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice.

_____
UNITED STATES DISTRICT COURT

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C. 20530

Mr. Sam Clemmons
548 Saint Charles Pl
Brookhaven, MS 39601