UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMUEL CLEMMONS<br>PLAINTIFF, | ) ) ) | CIVIL ACTION NO:<br>1:06CV01286 (RCL) |
| vs. | ) ) | September 12, 2006 |
| THE U.S. CUSTOMS AND BOARDER<br>PROTECTION AGENCY<br>DEFENDANT | ) ) ) ) ) | |

## PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUESTS FOR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANT IN DEFAULT

Comes now the Plaintiff file such motion request to enter discovery in support of Plaintiff's motion requests for summary judgment by default due to the defendant failures to obey court's instructions. The Plaintiff enters his Exhibits in support of the Defendant's failures according to Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982).

The Plaintiff expresses before this honorable court that the Defendant is fully, accurately and clearly is in default in this honorable court due to the Defendant's actions in failing to comply with this honorable court's summons instructions and failing to provide this court with one piece of factual materials after the Defendant is confirmed through other investigations by the way of local, state and federal agencies as being a witness to an illegal arrest in any legal matters or actions pending or involving the Plaintiff.

RECEIVED
SEP 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
SEP 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Defendant's counsel has failed to provide this honorable court with any legitimate facts justifying that such federal arrest took place as expressed in the Plaintiff's initial complaint which the Defendant's counsel is fully aware according the record.

The Defendant's counsel has failed to elaborate at all on Title VIII. Supplementary and Special Proceedings, Rule 40. Arrest for failing to Appear in Another District.

The Defendant's counsel has failed to explain or elaborate on the mysterious disappearance of the Plaintiff's funds in amount of **$80.00** the four twenty dollars bills reveal to the U.S. Customs agent and was told will be added to his report.

The Defendant's counsel has failed to respond to the summons served upon the Defendant on July 28th, 2006 giving the Defendant's counsel <u>30 days</u> to response with a deadline date for responding is August 27th, 2006 by electronic filing. The Defendant's counsel did file a Praecipe advising the clerk to please enter the appearance of Assistant United States Attorney Karen L. Melnik as counsel for the Defendant in this action but failed to request for an enlargement of time meaning that such Defendant's response would be filed on time by August 27th, 2006 by means of electronic filing.

On August 28th, 2006, the Plaintiff shows up for court filing such Affidavit of Service to Support Default expressing before the court that the Defendant and the Defendant's counsel is now but legally is in Default making such Plaintiff's filing against such summons filed upon the Defendant to be <u>31 days</u> if anything is presented to the court by the Defendant's counsel.

In the Plaintiff's submission to the court the Plaintiff did advise the Court Clerk after the Default entry has been completed the Plaintiff will return to file such motion before the court to enter discovery.

The Plaintiff now comes after the failures have been presented to the court in according with <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir.1982). The Plaintiff enters the following Exhibits of facts making the Plaintiff's initial complaint as truthful as possible for the record in this honorable court.

**<u>THE PLAINTIFF ENTERS THE FOLLOWING EXHIBITS FOR THE RECORD:</u>**

**<u>Exhibit # 1:</u>** The Plaintiff enters <u>seven pages</u> of the Plaintiff's International flight Itinerary showing the Plaintiff detail activity.

**<u>Exhibit # 2:</u>** The Plaintiff enters <u>36 pages</u> of fact showing and revealing to the court all activity after the federal arrest which the Defendant's counsel can see and argue that the Plaintiff was not arrested for failure to appear. The Plaintiff did not have any money on Plaintiff at the time of this illegal arrest as the Defendant should provide to the court under the Plaintiff's Freedom of Information Act Request that was initiated upon the Defendant at the time of the Defendant's counsel received such summons on July 28th, 2006. According to the law, the Defendant had 20 days excluding Saturday and Sundays to gather and provide the Plaintiff and this court with such Federal Police Report to be added to the record as facts before this honorable court. As of this date, these exhibits are entered into the record the Defendant and the Defendant's counsel have failed to provided this court with the Federal Police Report that should have been easily been accessible after such arrest was made.

While discussion such Federal Police Report that should exist the Plaintiff places this request in this motion to **<u>Subpoena Duces Tecum</u>** to reveal such record to the court before the court close such case with a summary judgment by Default if necessary.

**<u>Exhibit # 2</u>** should reveal that such local agency (Dekalb County Sheriff Department) provided a federal agency (U.S. Customs and Boarder Protection) wrongful information which

should be in violation of Federal Regulation <u>111 ALR, Fed. 295</u> and <u>18 U.S.C.A § 1001 (2) (15) (34)</u> and such federal agency should provide a counter claim to recover from this Default Judgment and not think that such agency should be exempted from any of these damages.

**Exhibit # 3:** The Plaintiff enter <u>one page</u> presented by Delta Airline showing the itinerary which will reveal to the court that the United States Customs Agency and Boarder Protection refused to contact or notify such airline on the whereabouts of this passenger if such organization was so concerned about national security. This activity should be a violation and such Defendant should be sanction by this court for these wrongfully but illegal activities. How can an agency such as this one can take someone off their flight itinerary without any communication to the Airline or even the Plaintiff's family to advise anyone what happen to such passenger and where is such passenger whereabouts. Therefore, causing the Plaintiff to be illegal detained for **14 days** causing worries, stress, pain and suffering, loss of income and emotional distress by the Plaintiff, the Plaintiff's family and friends.

**Exhibit # 4:** The Plaintiff enters <u>two pages</u> of Consent to Proceed Before A United States Magistrate Judge for all-purpose. The Plaintiff is consenting to a trial if necessary.

**Exhibit # 5:** The Plaintiff enters <u>two pages</u> of the Subpoena Duces Tecum in a Civil Case before the United States District Court for the District of Columbia.

**Exhibit # 6:** The Plaintiff's <u>two pages</u> of For the Record Calendar Days for Timely filing a response to summons served against the Defendant.

**Exhibit # 7:** The Plaintiff enters two sets of <u>four pages</u> of the attached proposed order requests for the court to review and sign to bring an end to this case matter before the court to a close.

This concludes the Plaintiff's Motion Request to Enter Discovery by means of Exhibits for the record.

Once again, the Plaintiff rests and place this **ORDER** request in the hands of the judge so that the judge can now review the record as a whole and render the Plaintiff's Summary Judgment by Default and bring this case to a close before this honorable court.

Once again as always when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I would advised the defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. See **Fed. Rules Civ.Proc. Rule 217k2406(2)**. *See case law*: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. Therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon self in failing to response to the Court's instructions.

**END OF PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUESTS FOR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT FAILURES TO OBEY COURT'S INSTRUCTIONS.**

1  Pursuant to 28 U.S.C. Sec. 1746, I declare under penalty of perjury, under the laws
2  of the United States, that the foregoing statements and Exhibits that will serve as evidence
3  are true and correct for the record, I signed these statements before a certified legal notary
4  witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and
5  binding under oath making this submission and others statements, responses or submission
6  are sworn Affidavit under oath this date forth for the record.

Respectfully Submitted,

Samuel Clemmons
Plaintiff, *Pro Se*

Jillma Bishop
Notary Signature

9-12-06
Notary Date and Seal Stamped

**Attachments:**

**Exhibit # 1:** Plaintiff's International flight Itinerary
**Exhibit #2:** 36 pages showing and witnessing federal arrest by the U.S. Customs
**Exhibit # 3:** One page of facts provided by Delta Airlines
**Exhibit # 4:** Plaintiff's consent to proceed before a trial, if necessary
**Exhibit # 5:** Subpoena Duces Tecum Request in a Civil Case Attached.
**Exhibit # 6:** Plaintiff's Calendar Days for timely filing response to court.
**Exhibit # 7: PROPOSED ORDER**



Clemmons v. U.S. Customs and Boarder Protection Agency, Attn: Disclosure Law Office