UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL CLEMMONS, | ) |
|        Plaintiff, | ) |
|        v. | ) Civil Action No. 06-1286 (RCL) |
| U.S. CUSTOMS AND BORDER PROTECTION | ) |
|        Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S "MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUESTS FOR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT'S FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANT IN DEFAULT"**

The Defendant, by and through counsel, the United States Attorney for the District of Columbia, respectfully opposes Plaintiff's "Motion Request to Enter Discovery in Support of Plaintiff's Motion Requests for Summary Judgment by Default Due to the Defendant's Failures to Obey Court's Instructions Placing Such Defendant in Default" ("Plaintiff's Motion"). Plaintiff alleges that the "Defendant's counsel has failed to respond to the summons served upon the Defendant on July 28th, 2006 giving the Defendant's counsel 30 days to response [sic] with a deadline date for responding is August 27th, 2006 by electronic filing." See Plaintiff's Motion at 2 (emphasis in original). Because the Plaintiff's Motion, like the claims in his Complaint, is without factual support and inaccurately sets forth the facts regarding the Defendant's actions and obligations, his Motion is without merit. Moreover, Plaintiff's request for discovery should be denied as a dispositive motion is pending before this Court. The Defendant submits the following points and authorities in opposition to Plaintiff's motion:

Plaintiff, Pro se, Samuel Clemmons filed his Complaint in this Court on July 20, 2006, alleging that he was wrongfully detained by the U.S. Customs and Border Protection, and that $80 was lost or stolen as a result. The Defendant interpreted these allegations as ones arising under the Federal Tort Claims Act ("FTCA"). Plaintiff also raised a claim pursuant to the Freedom of Information Act ("FOIA"). Plaintiff perfected service against the Defendant on July 27, 2006, according to Fed. R. Civ. P. 4 (i)(1)(A), by delivering a copy of the Summons and Complaint to the United States Attorney for the District of Columbia – in the district where the action is brought. With respect to Plaintiff's alleged FTCA claims, Rule 12(a) states that "the United States . . . or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint . . . within 60 days after the United States attorney is served...." Fed. R. Civ. P. 12(a)(3)(A). With respect to Plaintiff's FOIA claim, "an agency has thirty days from the date of service of process to answer. See 5 U.S.C. § 552(a)(4)(C) (2000). Given when the United States Attorney was served, a response to the FOIA claim was due on August 27, 2006, which is a Sunday. Thus, pursuant to Rule 6, the date upon which the Defendant's response was due would have been the following Monday, August 28, 2006. Fed. R. Civ. P. 6(a).

On August 25, 2006, counsel for the Defendant entered her appearance. On August 28, 2006, the Defendant responded to the Plaintiff's Complaint by filing a Motion to Dismiss. See Docket, 06cv1286; see also Notice of Electronic Filing, dated August 28, 2006, attached hereto. A copy of the Defendant's Motion to Dismiss was sent by first-class mail to Plaintiff on the same date.

Accordingly, the Defendant's Motion to Dismiss was timely filed, and summary judgment, dismissal or a default judgment is not appropriate in this case.[1]

Regarding that portion of Plaintiff's motion which seeks discovery, the D.C. Circuit has advised that this Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the] court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974). Where, as here, one issue may be dispositive of a case, it is proper to stay discovery until the dispositive issue has been decided. See, e.g., United States Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 79-80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceeding at the outset to a determination of jurisdictional matters . . . ."); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of question of defendant's immunity, where discovery had no bearing on outcome of immunity issue); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery);

---

[1] See Simmons v. U.S. Parole Commission, 590 F.Supp. 1221, 1222 (D.D.C. 1984) (Before a default judgment can be entered against the United States government, or an officer or agency thereof, plaintiff must "establish his claim or right to relief by evidence satisfactory to the court."); Fed. R. Civ. P. 55 (e). See also, Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (standard for dismissal) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (standards for summary judgment).

Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved); Marshall v. Hartford Fire Ins. Co., 78 F.R.D. 97, 107 (D. Conn. 1978) (discovery stayed so parties could attempt to negotiate settlement); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal. 1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). As the court noted in O'Brien v. Avco Corp., 309 F. Supp. 703 (S.D.N.Y. 1969):

> [W]hen, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

Id. at 705.

Here, the Defendant has filed a dispositive motion pursuant to Rules 12(b)(1) and 12(b)(6). Since a ruling favorable to the Defendant will obviate the need for discovery, all future discovery taken will be a needless expenditure of resources for both parties, and the Court.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                     /s/
_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on September 20, 2006, the foregoing Defendant's Opposition to Plaintiff's "Motion Request to Enter Discovery in Support of Plaintiff's Motion Requests for Summary Judgment by Default" and proposed order were sent, by first-class mail, postage pre-paid, to the Plaintiff, Samuel Clemmons, 548 Saint Charles Place, Brookhaven, MS 39601.


                                                                /s/
                                                 KAREN L. MELNIK
                                                 Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL CLEMMONS, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 06-1286 (RCL) |
| U.S. CUSTOMS AND BORDER PROTECTION | ) |
| Defendant. | ) |

## ORDER

UPON CONSIDERATION of the Defendant's Opposition to Plaintiff's "Motion Request to Enter Discovery in Support of Plaintiff's Motion Requests for Summary Judgment by Default Due to the Defendant's Failures to Obey Court's Instructions Placing Such Defendant in Default," and the entire record herein, it is this ____ day of _____, 2006,

ORDERED that Plaintiff's motion should be and it hereby is DENIED.

_____
UNITED STATES DISTRICT JUDGE

Karen L. Melnik
Assistant United States Attorney
Judiciary Center Building, Rm. E4112
555 4th Street, N.W.
Washington, D.C.  20530

Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 39601