UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL CLEMMONS )<br>PLAINTIFF, )<br> )<br>vs. )<br> )<br>THE U.S. CUSTOMS AND BOARDER )<br>PROTECTION AGENCY )<br>DEFENDANT )<br> )<br> ) | CIVIL ACTION NO:<br><u>1:06CV01286 (RCL)</u><br><br>**RECEIVED**<br>OCT 3 - 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### PLAINTIFF'S OPPOSITION AGAINST DEFENDANT'S OPPOSITION MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUESTS FOR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANT IN DEFAULT

Comes now the Plaintiff has filed such motion requests and has entered the appropriate documentation to be entered into discovery in support of Plaintiff's motion requests for summary judgment by default due to the defendant failures to obey court's instructions the Plaintiff has entered his Exhibits in support of the Defendant's failures according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir.1982) according to the documentation presented by the Defendant's Counsel upon responding to the court after the court's deadline for responding.

The Plaintiff wishes to make one main note according to the Defendant's counsel statements before the court. If one would go to page # 2 and review the last portion of the first paragraph where it clearly says in black print as stated by the Defendant's counsel…"See 5 U.S.C. § 552 (a)(4)(C)(2000). Given when the United States Attorney was served, a response to

the FIOA claim was due on August 27, 2006, which is a Sunday. Thus, pursuant to Rule 6, the date upon which the Defendant's response was due would have been the following Monday, August 28, 2006. Fed. R. Civ. P. 6(a). This is true however now one need to review the calendar and make it known in support of the Plaintiff's argument that the Defendants was neither served on July 31st, 2006 nor were the Defendants were served on Saturday, July 29th nor Sunday July 30th, 2006. The Defendants were clearly and for the record served on July 28th, 2006 which the date of such service appeared is excluded according to the laws of the court.

Now according to the Freedom of Information Act in which the Defendant's counsel wishes to use as their rebuttal. The Freedom of Information Act clearly states that such government agency upon service by whomever requesting information under the Freedom of Information Act has <u>20 working days</u> according to the calendar to release information sought by such person excluding Saturdays and Sundays.

The Defendants were served on July 28th, 2006 and the time clock starts for the Defendants falls on July 31st, 2006 which give the Defendants <u>20 working days</u> from July 31st, 2006 which technically give them until August 25th, 2006 which is the same day the Defendant's counsel entered her appearance which is a fact and on such same date upon entering such appearance the Defendant's counsel had enough time to submit a request for enlargement of time if such response could not be performed prior to the close of court business on August 25th, 2006 or if such response could not be filed by electronic meaning on August 27th, 2006.

The Plaintiff expresses the law is the law and there is no way anyone can turn back the hands of time or show prejudice over one over the other. The Defendant's counsel is a career federal employees who is to performed work under a government salary which means do whatever it takes to get the job done according to the salary he or she has accepted to performed

the necessary jobs or tasks needed to be performed. Including responding to the court's instructions in a timely manner. It clearly appears the Defendant's counsel was not watching the clocks of justice and somehow missed the deadline due to his or her negligence and not the Plaintiff. As everyone else, the Defendant's counsel too put on her pants just like everyone else one leg at a time. Why should she be given any special treatment?

The Plaintiff has entered his evidence accordingly. The Plaintiff has filed such answers and responses in a timely manner.

The Plaintiff now is totally confused in regarding the Defendant's counsel's request to deny the Plaintiff's discovery request. When there are no records that shows the Defendant's counsel submitted a motion request to the court requesting a dispositive motion or the court ordering the Defendant to submit such dispositive motion within 10 days as ordered by the court. The Defendant's counsel is expressing stay discovery when such information requested is exposable at the Defendant's counsel request.

The Defendant's counsel is requesting and asking so or too much when she has provided the court with so little or no information at all but places such big requests to dismiss such case after filing an untimely response.

The Defendant's counsel seems to fail to understand that there is a federal arrest that has been performed here and it strongly shows that such arrest performed was illegal and unconstitutional. Therefore, the Defendant's counsel should not be given any breaks of delays in trying to setup or make unnecessary attempts to mislead the court.

The Plaintiff expresses either the Defendant's counsel accepts the Default entry by the court or such counsel must now sign the consent form to proceed before a jury trial. Therefore

moving forth to hear this case and to correct the Plaintiff's record, award the Plaintiff's for damages and dispose of this case accordingly to the laws of justice.

In closing, I express to the court and to the Defendant's counsel…I didn't ask to come here nor did I request to be brought into this. The Defendants' actions alone is solely but totally responsible for these arguments in the court today as far as I (the Plaintiff) can see it this case is now in default or there should be an upcoming jury trial pending the Defendant's counsel signature.

Respectfully Submitted,

Samuel Clemmons
Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October 2006, a true copy of the **PLAINTIFF'S OPPOSITION AGAINST DEFENDANT'S OPPOSITION MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUESTS FOR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANT IN DEFAULT** was served by regular mail concerning case # 1:06CV001286 (RCL):

To: Defendant's Counsel

Karen L. Melnik
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530


And


District Court for the District of Columbia
**Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001


Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601