UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL CLEMMONS<br>    PLAINTIFF,<br><br>vs.<br><br>THE U.S. CUSTOMS AND BOARDER<br>PROTECTION AGENCY<br>    DEFENDANT | CIVIL ACTION NO:<br><br>1:06CV01286 (RCL) |

RECEIVED
FEB 1 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S RESPONSE AGAINST DEFENDANT'S OPPOSITION MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUESTS FOR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT'S FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANT IN DEFAULT AND PLAINTIFF'S RESPONSE TO COURT'S ORDER DENYING DEFAULT.

Comes now the Plaintiff has filed such motion requests and has entered the appropriate documentation to be entered into discovery in support of Plaintiff's motion requests for summary judgment by default or summary judgment in favor of the Plaintiff due to the defendant failures to obey court's instructions the Plaintiff has entered his Exhibits in support of the Defendant's failures according to *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) and *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) according to the documentation presented by the Defendant's Counsel upon responding to the court after the Court's deadline for responding.

The Plaintiff wishes to make one main note according to the Defendant's Counsel statements before the court. If one would go to page # 2 and review the last portion of the first paragraph where it clearly says in black print as stated by the Defendant's Counsel..."See 5 U.S.C. § 552 (a)(4)(C)(2000). Given when the United States Attorney was served, a response to

the FIOA claim was due on August 27, 2006, which is a Sunday. Thus, pursuant to Rule 6, the date upon which the Defendant's response was due would have been the following Monday, August 28, 2006. Fed. R. Civ. P. 6(a). This is true however now one need to review the calendar and make it known in support of the Plaintiff's argument that the Defendants were neither served on July 31st, 2006 nor were the Defendants were served on Saturday, July 29th nor Sunday July 30th, 2006. The Defendants were clearly and for the record served on July 28th, 2006 which the date of such service appeared is excluded according to the laws of the court.

Now according to the Freedom of Information Act in which the Defendant's Counsel wishes to use as their rebuttal. The Freedom of Information Act clearly states that such government agency upon service by whomever requesting information under the Freedom of Information Act has <u>20 working days</u> according to the calendar to release information sought by such person excluding Saturdays, Sundays and holidays. The Defendants have failed to honor such law and guidelines this is clearly failure # 1.

The Defendants were served on July 28th, 2006 and the time clock starts for the Defendants falls on July 31st, 2006 which give the Defendants <u>20 working days</u> from July 31st, 2006 which technically give them until August 25th, 2006 which is the same day the Defendant's Counsel entered his or her appearance which is a fact and on such same date upon entering such appearance the Defendant's Counsel had enough time to submit a request for enlargement of time if such response could not be performed prior to the close of court business on August 25th, 2006 or if such response could not be filed by electronic meaning on August 27th, 2006. The Defendants have failed to submit such paperwork request in a timely manner this is clearly failure # 2.

The Plaintiff expresses the law is the law and there is no way anyone can turn back the hands of time or show prejudice over one over the other. The Defendant's Counsel is a career federal employee who is to performed work under a government salary which means do whatever it takes to get the job done according to the salary he or she has accepted to perform the necessary jobs or tasks needed to be performed, including responding to the court's instructions in a timely manner. It clearly appears the Defendant's Counsel was not watching the clocks of justice and somehow missed the deadline due to his or her negligence and not the Plaintiff. As everyone else, the Defendant's Counsel too put on his or her pants just like everyone else one leg at a time. Why should he or she be given any special treatment? The Defendant's Counsel filed a motion to dismiss and in such motion request the Defendant's Counsel thought the Plaintiff did not have any evidence to justify his complaint but the Plaintiff did and the Plaintiff submitted and entered his motion request to enter discovery in a timely manner and the Court accepted it as timely filing. After such timely filing the Defendant's Counsel filed an opposition against the Plaintiff's discovery after requesting and expressing stay discovery.

The Plaintiff has entered his evidence timely and accordingly. The Plaintiff has filed such answers and responses in a timely manner.

The Plaintiff now is or was totally confused in regarding the Defendant's Counsel's request to deny the Plaintiff's discovery request and the Court's order not in favor of the Plaintiff. When there are no records that show the Defendant's Counsel submitted a motion request to the Court requesting a dispositive motion or the Court ordering the Defendant to submit such dispositive motion within 10 days as ordered by the court. It clearly shows the Defendant's Counsel did not meet such deadline of filing a dispositive motion. Once again, the Defendant's Counsel did once express stay discovery when such information requested is

exposable at the Defendant's Counsel requests according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir. 1982). The Defendant's Counsel failed to enter anything into the record as evidence from the date of being served until this date of the Plaintiff's response to the Court's order which is February 14, 2007, nine days after receiving the Court's certified stamped mail to delivery the order dated February 5, 2007 this is failure # 3.

The Defendant's Counsel has requested and asked for so much when he or she has provided the court with so little or <u>no information</u> at all but places such big requests to dismiss such case after filing an untimely response.

The Defendant's Counsel has also failed to enter a memorandum of point to professionally but legally expressed and justify his or her claim why such case should be dismissed. This is failure # 4.

The Defendant's Counsel seems to fail to understand that there was a federal arrest that has been performed here and it strongly shows that such arrest performed was illegal and unconstitutional. Therefore, the Defendant's Counsel should not be given any breaks of delays in trying to setup or make unnecessary attempts to mislead the court. The Defendant's Counsel has failed to provide the Court with any proof to justify their actions were not wrong and to justify that their actions were constitutional. This is failure # 5.

In the Court's communication **ORDER** requests it states on the first line that **the Defendant filed a motion to dismiss with attached exhibits on August 28, 2006.** The Plaintiff states and express before the Court under this Affidavit of service that the Plaintiff never received any exhibits from the Defendant but did receive a stay discovery request after the Plaintiff dun and propounded the Defendant to produce the federal investigation report which the

Defendant's Counsel did not have or did not produce or provided this Court or the Plaintiff during the period of time of the Defendant's filing.

As of this date of February 14, 2007, upon the Plaintiff's answers and responses to the Court's order the Plaintiff still has not yet received such evidence or any evidence from the Defendant's Counsel to justify why such case should be dismissed on the merits for the record.

The Defendant's Counsel has failed to provide one piece of factual evidence into the record to justify dismissal of this case. The Plaintiff has filed all his response, oppositions and motion to enter discovery according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir. 1982) and <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988). This is failure # 6.

The Plaintiff expresses either the Defendant's Counsel should accept the Default or Summary Judgment in whole but in favor of the Plaintiff by entry by the Court or such Counsel must now sign the consent form to proceed before a jury trial and produce such evidence needed to more forth for a jury trial.

Once again, the Plaintiff is requesting to this case to be moved forth so that such case can be on public record so that corrections to the Plaintiff's record can be made, so that such jury can understand and award the Plaintiff's for damages and dispose of this case accordingly to the laws of justice now making it constitutional.

In closing, I (the Plaintiff) express to the Court and to the Defendant's Counsel…I (the Plaintiff) did not ask to come here nor did I request to be brought into this. The Defendants' actions alone is solely but totally responsible for these arguments in the Court today as far as I (the Plaintiff) can see it this case should have been in default after the Defendant's Counsel failures and missing the Court's deadline for filing a dispositive motion as stated by the Plaintiff earlier in this submission and before other submissions before the Court. Now there should be an

upcoming jury trial pending the Defendant's Counsel Signature to explained, state and justify the six failures expressed and explained by the Plaintiff in this submission before the Court.

Respectfully Submitted,

Samuel Clemmons
Plaintiff, *Pro Se*

See Attachment:
    Court's ORDER

CC:

Karen L. Melnik
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530

And

**District Court for the District of Columbia**
Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2007, a true copy of the PLAINTIFF'S RESPONSE AGAINST DEFENDANT'S OPPOSITION MOTION REQUEST TO ENTER DISCOVERY IN SUPPORT OF PLAINTIFF'S MOTION REQUESTS FOR SUMMARY JUDGMENT BY DEFAULT DUE TO THE DEFENDANT FAILURES TO OBEY COURT'S INSTRUCTIONS PLACING SUCH DEFENDANT IN DEFAULT AND PLAINTIFF'S RESPONSE TO COURT'S ORDER DENING DEFAULT was served by regular mail concerning case # 1:06CV001286 (RCL):

To: Defendant's Counsel

Karen L. Melnik
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530


And


District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS

US POSTAGE $00.39 FEB 05 2007
MAILED FROM ZIP CODE 20001

SAMUEL L. CLEMMONS
548 Saint Charles Place
Brookhaven, MS 39601

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendant. | Civil Action No. 1:06-01286 (RCL) |

## ORDER

Upon consideration of Plaintiff's "Motion Request to Enter Discovery in Support of Plaintiff's Motion Requests for Summary Judgment by Default Due to the Defendant's Failures to Obey Court's Instructions Placing Such Defendant in Default," the opposition thereto, the reply, and the entire record herein, it is hereby

ORDERED that Plaintiff's motion is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, February 1, 2007.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS,<br><br>  Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>  Defendant. | Civil Action No. 1:06-01286 (RCL) |

## ORDER

Defendant filed a motion to dismiss with attached exhibits on August 28, 2006. Plaintiff Samuel L. Clemmons is representing himself, *pro se*. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* plaintiff of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509.

Subsequently, in *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted by the district judge as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Under Rule 56(e) of the Federal Rules of Civil Procedure:

Supporting and opposing affidavits shall be made on personal knowledge, shall

> set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Thus, parties such as Mr. Clemmons, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance, this Court wishes to advise Plaintiff that he must respond to Defendant's previously filed motion within fourteen days of the date of this Order. If Plaintiff does not respond, the Court will treat the motions as conceded and dismiss the complaint.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, February 1, 2007.

SAMUEL L. CLEMMONS
548 Saint Charles Place
Brookhaven, MS 39601