# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_SAM L. CLEMMONS_
Plaintiff

vs.                    Civil Action No. _1:06 CV01286 (RCL)_

_U.S. CUSTOMS AND BORDER PROTECTION, ET AL_
Defendant

## NOTICE OF APPEAL

Notice is hereby given this _30TH_ day of _MARCH_, 20_07_, that

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the _30TH_ day of _MARCH_, 20_07_

in favor of _DEFENDANT (U.S. CUSTOMS AND BORDER PROTECTION, ET AL)_

against said _PLAINTIFF_

_/s/ Sam L. Clemmons_
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

_KAREN L. MELNIK_
_ASST. U.S. ATTORNEY_
_U.S. ATTORNEY'S OFFICE FOR THE_
_DIST. OF COLUMBIA_
_CIVIL DIVISION_
_555 FOURTH STREET, N.W._
_WASHINGTON, DC 20530_

**RECEIVED**
MAY 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMUEL CLEMMONS | ) | CIVIL ACTION NO: |
| PLAINTIFF, | ) | 1:06CV01286 (RCL) |
| vs. | ) | |
| THE U.S. CUSTOMS AND BOARDER PROTECTION AGENCY, et al | ) | |
| DEFENDANTS | ) | |

**PLAINTIFF'S FILE MOTION OF APPEAL DUE TO PREJUDICE AGAINST COURT'S ORDER DATED MARCH 30, 2007 AND POST MARKED BY U.S. MAIL DATED MAY 2ND, 2007 APPROXMIATELY 30 DAYS OR MORE AFTER REQUESTING TO ENTER FINAL AFFIDAVIT OF SERVICE SHOWING PROPER PROOF OF DELIVERY OF THE THIRD AND FINAL SETS OF ADMISSIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANTS IN ADDITION TO THE PLAINTIFF'S MOTION REQUEST TO ENTER FINAL DISCOVERY FOR THE RECORD.**
**THE PLAINTIFF NOW DEMAND SUCH CASE TO BE REVIEWED BY THE COURT OF APPEALS OR A HIGHER COURT TO WITNESS NEGLIENCE AGAINST THE PLAINTIFF IN DENYING THE PLAINTIFF HIS RIGHTS TO A JURY TRIAL AS DEEM NECESSARY BY THE PLAINTIFF AND THE UNITED STATES CONSTITUTION.**

Plaintiff files this Motion Request to appeal Court's order or decision to dismiss case after the Plaintiff Demanded a Jury Trial according to Federal Rules of Civil Procedures and the Court now stating the Defendant filed a motion [4] to dismiss for

failure to exhaust available administrative remedies when the Plaintiff had not done so. The Plaintiff filed all the necessary paperwork in the United States District Court with a valid claim. The Court accepted jurisdiction with merit to hear the Plaintiff's claim.

The Plaintiff filed all motions, objects and pleading in a timely manner. The Defendant's Counsel did not.

The Court failed to state or express that the Plaintiff demanded a Jury Trial in the very initial stage of filing his complaint and the Court accepted such filing and assigned a case number pending the Defendant's Counsel response to the complaint and summons served upon the Defendant in a timely manner bring us to this action in Court today.

The Plaintiff had not failed to exhaust his remedies under the Federal Tort Claim Act due to the facts that such incident took placed on June 5, 2006 and such property of the Plaintiff was discovered missing on June 20th, 2006. A two year window of Statue of Limitation has not exhausted itself. The Plaintiff clearly tried to resolve any issues prior to filing such actions in this Court. Therefore, such statement by the Court is a statement with prejudice and should not stand any further. Therefore, the Plaintiff's claim for removal or change of Judge should be honored due to other pending cases the Plaintiff strongly feels that are now in jeopardy after the Plaintiff has briefed and prove his case beyond a reasonable doubt by submitting substantial evidence in his motion to enter discoveries which were not rejected. The Plaintiff has proved his case beyond a reasonable doubt by giving the Defendants and the Defendant's Counsel well over enough time to prove their defense and counterclaim by allowing them to submit their argument when they had elapsed their time in responding but the Court deemed and

accepted their entry outside the rules and scope of the Court this showed prejudice. The Plaintiff proved his case through three submission of admission, Interrogatories and Subpoena Duce Tecum Requests in which the Court did not deny or demand Stay of any discovery this too shows signs of prejudice and should guarantee and warrant immediate removal of the Plaintiff's case, complaints and other submission from this section of the Court but placed in another section due to other negligence errors of the Court will be made and found to interrupt in the quest for true justice by the Plaintiff.

The Plaintiff was waiting on the final outcome of such suit filed in the United States District Court for the District of Columbia where such jurisdiction could have handle all the issues in its Court without proceeding further as stated in the Plaintiff's initial complaint and the Court accepted such complaint with the intentions of entertaining all issues within this jurisdiction without crossing over to the United States Court of Federal Claims causing more expenses, funds, and time of the court when such Court could honor and resolve all issues filed by the Plaintiff. This is once again a sign of prejudice and such case should be handed over to another Court or judge who will administrative the law in a fair and just but honorable way.

This was not just a Freedom of Information Act lawsuit but a lawsuit of violation of the Plaintiff's privacy rights and other tort damages. The Plaintiff clearly made such filing clear in the very beginning of the process and the Court agreed and accepted such entry and filing by the Plaintiff by accepting $350.00 of the Plaintiff's funds stating and revealing inside the complaint the Plaintiff was illegally arrested due to a bogus warrant placed against him and an inventory of the Plaintiff was taken proven that the Plaintiff

funds at the time of the bogus arrest and was not taken within the jurisdiction of the bogus arrest but was taken outside of such jurisdiction and was held beyond the required time according to the Due Process of Law to answer to any warrant for failure to appear. The Plaintiff submitted substantial evidence during his requests to Enter Discovery and such Court accepted the Plaintiff's Motion Request and entered such evidence into the record according to the Federal Rules of Civil Procedures. The Court failed to take into consideration that the Plaintiff was illegal arrested and was illegal held under a bogus felony charge or claim violation the Plaintiff's four and fourteenth Amendment under the Due Process of Law.

If the Court could not accepted or hear such claim as submitted by the Plaintiff, the Court should have deem and stated "lack of jurisdiction" before assigning a case number to the complaint. These once again are many situations or problems of one honoring the Plaintiff's claims and fully processing them so that true justice can be performed. It should not be the Plaintiff filing an appeal in any court's actions when the Plaintiff has submitted substantial documentation justifying his complaint or claim. The Defendants are the one who should be filing an appeal rebuttal what they feel were not constitutional.

The Plaintiff signed such consent form requesting and demanding a jury trial, the Defendant did not but the ruling is in favor of the Defendant without a jury hearing the merits and the facts of the case is not political correct. Therefore, such orders should be overturned and amended to bring such case matter before a jury trial for a jury to rules on

the facts and merits of the case to proceed further to initiate a change in the Federal Rules of Procedures and the way the Government form business throughout America.

The Plaintiff has proven that such act or actions imposed by the Defendants were not proper, accurate and accordance with the law. The Plaintiff provided both the Defendant and the Court with substantial facts justifying his case in accordance with rules of standard for summary judgment the Defendant's Counsel did not.

The Court has refused to accept such entry of evidence by the Plaintiff in a timely manner and is now showing prejudice by closing such case with prejudice after the Plaintiff has entered everything into the record according with the Federal Rules of Civil Procedures. Therefore, the Plaintiff is now filing an appeal to override such errors in this Court but is requesting the Court of Appeal to review the case in its entirely and deem the necessary course of action but send the case back to the Court under a new assigned Judge.

The Plaintiff states and stress on the record an illegal arrest was made and there is no evidence of a Federal Police Report or a felony act was ever committed as deem appropriate by the normal Due Process of Law. Therefore, anyone who is arrested according to the law is due a Police Report validating such arrest. In this case before the Court and after the Court's acceptance to hear the complaint Due Process does not exist even after the Plaintiff demanded a jury trial in accordance with the Federal Rules of Civil Procedures. Therefore, dismissing such case is not accurate or appropriate. The Plaintiff is now demanding a Jury Trial making such case public record and requesting such case to be removed from Judge Royce C. Lamberth's Chambers to be placed in

another Judge's Chamber so that a Jury Trial will be granted and given according to the United States Constitution to review the facts in this case as required by law.

The Defendants have exhausted its administrative remedies and period of six months to enter its discovery validating their actions in any court of law. The evidence on the record should now stand and be fully available for a jury to hear and rule on the evidence according to the law of justice.

Therefore, no sanction should be imposed upon the Plaintiff but sanction should now be completely imposed upon the Defendants and such Proposed Orders, Protection Orders and Restrainer Orders should be honored according to the Plaintiff's past and present requests for complete JUSTICE according to the law.

In conclusion and in summary, the rules of the law clearly states and expresses under the content of Rule 37(c) failure to disclose; false or misleading disclosures; refusal to admit. It states that a party that without substantial justification fails to disclose information required by Rule 26 (a) or 26(e) (1), or to amend a prior response to discovery as required by Rule26 (e) (2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanction may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

This is why the Plaintiff is now demanding a Jury Trial prior to Summary Judgment if necessary.

If the Defendants and the Defendant's Counsel cannot response to this motion with substantial evidence to justify or show good cause as to why this lawsuit should be dismissed then responding to this motion should not be necessary.

The Plaintiff has fully briefed such case according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir.1982) <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988) and <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933) this case should now be brought to a complete close after the Court of Appeal review.

In accordance with all rules of the Courts the rules and standard for summary judgment clearly states and expresses it is known through facts that when a Court or a jury to consider any motion for summary judgment, it is known that the Court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). The Judge in this case did not according to the late and suspicious order received approximately 38 days after. The Plaintiff wishes to advised the Defendant and the Defendant's Counsel to consider case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933) to make this action or conduct in this Court valid and correct. This case clearly states when a moving party (the Defendant) bears the burden of proof at trial the Defendant is entitled to summary judgment <u>only when</u> the evidence indicates that no genuine issue of material fact exists. The Defendant failed to state or expressed such.Fed.R.Civ.P.56(c); See case law: <u>Anthony v. United States</u>, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial,

the Defendant must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this particular case before the Courts the nonmoving party (the Plaintiff) has expressed evidence and has provided the Court with substantial evidence in accordance with the Federal Rules of Civil Procedures. The Plaintiff has given documentation of proof to justify illegal action or activity and has proven through evidence of stolen funds. What else is needed to have a ruling in favor of the Plaintiff? The Judge failed to consider case law: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) which holds no merit in this case matter. The Judge failed to advise and inform the Defendant to carry this matter over to the Federal Insurance Company under the Defendant's Crime Insurance Policy, which should have been provided to the Court by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff caused any hurt or harm to the Defendant), the Defendant caused this action or judgment upon itself (The Agency) by not completely understanding the laws or just by refusing to obey the law *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

      The Plaintiff responded to all the Court's notices and the Defendant's motions through objections. If not this case would have been dismissed ten days after June 16, 2006. The Court cannot produce one set of legal documentation honoring the Defendant's request for dismissal within 10 days after receiving it in accordance with _Lewis v. Faulkner_, 689 F.2d 100, 102 (7th Cir.1982) _Fox v. Strickland_, 837 F.2d 507 (D.C. Cir. 1988) and _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933).

Therefore, honoring the Plaintiff's by requesting change of venue and change of Judge should be honored in accordance with the Federal Rules of Civil Procedures 51and hereby submit the Plaintiff's appeal in accordance with the Rules and Procedures under Rule 73 and 73(b) (Abrogated).

The Defendants and the Defendant's Counsel should now be held liable for all Court cost in addition to the judgment award after taxes.

Respectfully Submitted,

SAM L. CLEMMONS
548 Saint Charles PL
P.O. Box 347
Brookhaven, MS 39602
Phone # 866-409-7758

**See Attachments:**

- Affidavit of Service / Proof of Certification
- Final and Additional Exhibit / Affidavit for the Record for a just but fair Summary Judgment in favor of the Plaintiff
- Proposed Orders

CC:

Karen L. Melnik
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530


U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530